Jerry L. DOYLE, Plaintiff,

v.

CITY OF COLUMBUS, Defendants.

No. C2–97–151.

United States District Court,
S.D. Ohio,
Eastern Division.

Dec. 18, 1998.

Christopher King, Columbus, OH, for Plaintiff.

Daniel Wilson Drake, Glenn Reddick, Columbus, OH, for Defendants.

## ORDER

MARBLEY, District Judge.

This cause comes before this Court on Defendant's Motion For Summary Judgment. For the reasons set forth below, this Motion is **GRANTED**.

### I. Background[1]

Plaintiff Jerry Doyle brought this suit on February 10, 1997, alleging Defendant City of Columbus ("the City") violated his right to free speech by refusing to allow

---

1. This case was originally assigned to the Honorable George C. Smith, who issued a detailed Opinion and Order on February 21, 1997. Because of a conflict which later developed, however, this case was transferred to this Court. For a detailed discussion of the factual basis of this case, see Judge Smith's February 21, 1997 Opinion and Order.

him to speak at City Council meetings. Pursuant to this free speech allegation, Mr. Doyle brought claims under 42 U.S.C. § 1983 for alleged violation of his rights secured by the First, Thirteenth and Fourteenth Amendments to the United States Constitution. He also brought state law claims for extreme emotional distress, common law breach of contract, promissory estoppel and subornment of assault and battery. The assault claim stems from an incident where a police officer, while escorting Mr. Doyle from a City Council meeting, allegedly pushed him to the ground. Mr. Doyle seeks declaratory and injunctive relief, as well as compensatory and punitive damages and attorney's fees. The City of Columbus now moves for Summary Judgment, arguing that the actions of the City Council in restricting Mr. Doyle's speech fell into the constitutionally permissible category of reasonable time, place and manner regulation.

## II. Summary Judgment Standard

Fed.R.Civ.P. 56(1c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.,* 12 F.3d 1382, 1388–89 (6th Cir. 1993). The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.,* 8 F.3d 335, 339–40 (6th Cir.1993). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (summary judgment appropriate when the evidence could not lead a trier of fact to find for the non-moving party).

In evaluating such a motion, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson,* 477 U.S. at 251, 106 S.Ct. 2505; *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995).

## III. The Law of This Case Holds That The Speaking Restrictions at Columbus City Council Meetings Constitute Reasonable Time, Place and Manner Restrictions.

In its February 21, 1997, Opinion and Order, this Court, through Judge Smith (see Fn 1, *supra.*) denied Mr. Doyle's motion for a temporary restraining order to enjoin the City from prohibiting Mr. Doyle from speaking at the City Council. Noting that substantial probability of success on the merits is a key element that a party must prove in order to obtain a temporary restraining order, the Court concluded that a restraining order should not be issued because "City Council did not impermissibly prohibit plaintiff from speaking based on the nature and content of his speech." Opinion and Order, p. 10. After a thorough discussion, Judge Smith concluded that the City Council is a limited public forum, and its restrictions on public speech (such as limiting the subject matter to items on the agenda, and prohibiting repetitive comments) are content-neutral, constitutionally permissible time, place and

manner regulation. These findings constitute the law of the case.

■ This Court is compelled follow the law already set forth in this case by Judge Smith, under the well-established law-of-the-case doctrine. "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). This rule promotes finality and efficiency of the judicial process by "protecting against the agitation of settled issues." *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988) (quoting 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1], p. 118 (1984)). The law of the case doctrine dictates that issues, once decided, should be reopened only in very limited, exceptional circumstances. *See Petition of United States Steel Corp.,* 479 F.2d 489, 494 (6th Cir.), *cert. denied,* 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973). Generally, a court may disregard a previous decision only when it is left with a clear conviction of error. *See Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir.), *cert. denied,* 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991). Specifically, a court may reconsider a ruling in exceptional circumstances: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Hanover Ins. Co. v. American Eng'g Co.,* 105 F.3d 306, 312 (6th Cir.1997).

None of these exceptional circumstances is present in this case. First, no substantially different evidence or arguments have been raised since Judge Smith made his

ruling. Indeed, when Judge Smith decided that the City Council did not violate Mr. Doyle's rights, he assumed all facts pled by Mr. Doyle to be true. Second, the Sixth Circuit has not handed down any new authority, or "a subsequent contrary view," which would affect Judge Smith's constitutional analysis. Third, there is nothing to suggest, nor has Mr. Doyle presented any authority to support, the proposition that Judge Smith's order is clearly erroneous.

■ Under the law of the case doctrine, therefore, this Court incorporates the detailed analysis and authority put forth in Judge Smith's February 21, 1997 Opinion and Order, finding that Mr. Doyle's First Amendment rights were not violated by the speaking restrictions of the Columbus City Council.[2] Therefore, the City's Motion to Dismiss Plaintiff's first four causes of action—claims under the First, Thirteenth and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. § 1983, all of which are predicated upon the alleged violation of Mr. Doyle's free speech rights—is **GRANTED.**

### IV. State Law Claims

■ All of Mr. Doyle's remaining claims—emotional distress, breach of contract, promissory estoppel and subornment of assault and battery—sound in state law. District courts may decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As there is no remaining federal question left, this Court, in the interest of comity and federalism, declines to exercise jurisdiction over a case which is constituted exclusively of state claims. Mr. Doyle's state law claims are dismissed without prejudice.

---

**2.** Further, Mr. Doyle never sought a reconsideration, by this Court or by Judge Smith, of the February 21, 1997 Opinion and Order.

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED,** and this case is **DISMISSED.**

**IT IS SO ORDERED.**